53 CCPA

**Joseph S. CORTES, d.b.a. Inter-American Trade Company, Appellant,**

v.

**SCHENLEY DISTILLERS, INC., Appellee.**

**Patent Appeal No. 7507.**

United States Court of Customs and Patent Appeals.

Dec. 9, 1965.

Charles R. Allen, Jr., Washington, D. C., Alex Friedman, New York City, for appellant.

Russell L. Law, Washington, D. C., for appellee.

Before RICH, Acting Chief Judge, and MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRK-PATRICK.*

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

Keith Misegades, Washington, D. C., for appellant.

Milton B. Seasonwein, New York City, for appellee.

Before RICH, Acting Chief Judge, and MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRK-PATRICK.*

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board (141 U.S.P.Q. 668) dismissing Opposition No. 41,575.

Appellee filed application serial No. 118,499, April 24, 1961, to register the word BUCKINGHAM as a trademark for whiskey. The application was passed to publication and appellant filed notice of opposition, alleging prior rights in and ownership of the identical mark for the same goods.

Appellee answered alleging use of BUCKINGHAM prior to appellant. Appellee's application for registration asserted ownership of Reg. No. 344,399, issued March 23, 1937 (renewed), of BUCKINGHAM as a trademark for wine. The board found that said registration was owned by appellee, that it had been renewed, which appellant admits, and as one ground of its decision relied on the prima facie presumption of validity thereof.

■ The board found that the only question to be decided was priority of use of BUCKINGHAM as between the parties and held appellee to be prior with respect to the opposer's earliest alleged use, December 1959, by reason of the subsisting 1937 registration of the identical mark for wine, in view of the close commercial relationship of whiskey and wine. We find this ground, in itself, sufficient to support the board's decision and find it unnecessary, therefore, to consider the more complex arguments as to the basing of priority also on sporadic sales by appellee of BUCKINGHAM whiskey in 1954, 1957, and 1961.

■ Since we affirm on the basis of the 1937 registration for wine, we note briefly the efforts appellant makes to avoid that holding. In 1960, with knowledge of the wine registration, appellant, to quote his brief, "made use of a governmental agency engaged in gathering data on commercial activity." He got the Department of Commerce Field Service to inquire of appellee about the sale of BUCKINGHAM wine and put in evidence letters, as the board says, "which state, in effect, that an official of the wine department of application [applicant] corporation informed such agency that the firm does not market any wine under the mark 'BUCKINGHAM'." Assuming, without deciding, that it was the fact that no wine was being sold under the mark at the time of inquiry, that would not necessarily establish that appellee had bandoned the mark or that it had become available for use by others on alcoholic beverages. Appellant speaks of "ambush" marks, citing Callmann, 37 TMR 3, but one can scarcely so characterize a mark which is the subject of a registration admittedly found by appellant on a search prior to the filing of his application. That appellant was not ambushed is clear from the following statement in his brief:

Had Appellant disclosed his purpose in making inquiry as to use of the mark, either in person or by his attorney, it is very likely that he would have been told that the mark was presently being used on wine.

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

**250**

Clearly appellant had every reason to expect that he was without the right to register which he seeks here.

 Appellee obtained the 1937 registration and the mark covered thereby by assignment and appellant contends that it was a naked assignment by which appellee obtained no rights since there was no existing good will attaching to the assigned mark. We think appellant has failed to establish this assertion and agree with the board's holding that reliance could be placed on the prima facie validity of the recorded assignment, the recording date of which was March 10, 1953, long prior to appellant's claimed first use.

Finding no error in the decision of the board, it is affirmed.

Affirmed.